1
2
3
4
5
6
7

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

8

GERRY K.,

9
                          Plaintiff,                    Case No. C20-6012-SKV

10
        v.                                              ORDER REVERSING THE
                                                        COMMISSIONER'S DECISION
11
COMMISSIONER OF SOCIAL
SECURITY,

12
                          Defendant.

13

14      Plaintiff seeks review of the denial of his application for Supplemental Security Income

15 and Disability Insurance Benefits.  Having considered the ALJ's decision, the administrative

16 record (AR), and all memoranda of record, the Court **REVERSES** the Commissioner's final

17 decision and **REMANDS** the matter for further administrative proceedings under sentence four

18 of 42 U.S.C. § 405(g).

19                                    <u>BACKGROUND</u>

20      Plaintiff was born in 1970, has a GED, and his past work includes a fast-food services

21 manager job.  AR 917, 970.  Plaintiff was last gainfully employed in 2012.  AR 920.

22

23

1

2

3

4

In May 2014, Plaintiff applied for benefits, alleging disability as of February 1, 2009.[1] AR 282-94.  Plaintiff's applications were denied initially and on reconsideration, and Plaintiff requested a hearing.  AR 216-19, 223-35. After the ALJ conducted a hearing in July 2016 (AR 43-104), the ALJ issued a decision finding Plaintiff not disabled.  AR 15-37.

5

6

7

8

9

The Appeals Council denied Plaintiff's request for review (AR 1-6), but the U.S. District Court for the Western District of Washington granted the parties' stipulation to reverse the ALJ's decision and remand for further administrative proceedings.  AR 1029-39.  A different ALJ on remand held hearings in April and June 2020 (AR 891-996) and subsequently issued a decision finding Plaintiff not disabled.  AR 861-81.

10

## THE ALJ'S DECISION

11

Utilizing the five-step disability evaluation process,[2] the ALJ found:

12

13

**Step one**:  Plaintiff has not engaged in substantial gainful activity since the alleged onset date.

14

15

**Step two**:  Plaintiff has the following severe impairments: degenerative disc disease of the spine, chronic obstructive pulmonary disease, headaches, sleep apnea, affective disorder, and anxiety disorder.

16

**Step three**:  These impairments do not meet or equal the requirements of a listed impairment.[3]

17

18

19

20

21

**Residual Functional Capacity ("RFC")**:  Plaintiff can perform light work with additional limitations: he can lift/carry 20 pounds occasionally and 10 pounds frequently. He can stand/walk for a total of six hours and sit for a total of six hours in an eight-hour workday with normal breaks.  (With respect to pushing, pulling, and operating hand/foot controls, he is limited as to his left arm, as explained regarding manipulative limitations.) He can never climb ladders, ropes, or scaffolds.  He can occasionally climb ramps and stairs.  He can occasionally balance, stoop, kneel, crouch, and crawl.  He can reach overhead bilaterally on an occasional basis.  He can frequently reach in all other directions.  He can frequently handle and finger (fine and gross manipulations) with his left arm, but has no limitation as to handling and fingering with the right arm.  He has no

22

23

[1] In light of an administratively final decision finding Plaintiff not disabled through July 16, 2012, the period at issue in this case begins July 17, 2012.  *See* AR 861.
[2] 20 C.F.R. §§ 404.1520, 416.920.
[3] 20 C.F.R. Part 404, Subpart P, App. 1.

limitation as to feeling.  He must avoid all exposure to vibration and hazards (such as machinery and unprotected heights).  He must avoid concentrated exposure to fumes, odors, dusts, gases, and poor ventilation.  He can understand, remember, and carry out simple instructions.  He can exercise simple workplace judgment.  He can perform work that is learned on the job in less than 30 days by short demonstration and practice/repetition.  He can respond appropriately to supervision.  He can have superficial interaction with co-workers.  He can deal with occasional changes in the work environment.  He can work in jobs that require only superficial interaction/contact with the general public.

**Step four**:  Plaintiff is unable perform his past relevant work.

**Step five**:  As there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, Plaintiff is not disabled.

AR 861-81.

Plaintiff now appeals this final decision of the Commissioner.  Dkt. 4.

## LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on harmful legal error or not supported by substantial evidence in the record as a whole.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005).  As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination."  *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted).  The Court looks to "the record as a whole to determine whether the error alters the outcome of the case."  *Id*.

Substantial evidence is "more than a mere scintilla.  It means - and means only - such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (cleaned up); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989).  The ALJ is responsible for evaluating symptom testimony, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  While the Court is required to examine the record

as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the

Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is

susceptible to more than one rational interpretation, it is the Commissioner's conclusion that

must be upheld. *Id.*

## DISCUSSION

Plaintiff's opening brief argues that the ALJ erred in assessing certain medical opinions

and in discounting his subjective testimony. The Commissioner argues the ALJ's decision is

free of harmful legal error, supported by substantial evidence, and should be affirmed.

### A.      The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony

The ALJ summarized Plaintiff's subjective allegations, as well as the prior ALJ's

assessment of his allegations and the Appeals Council order addressing those findings. AR 869-

73. The ALJ explained that he discounted Plaintiff's allegations because (1) his allegations were

unsupported by the objective medical evidence; (2) the evidence showed that Plaintiff's

symptoms improved with treatment, to the point that he could play Frisbee with his dog and act

as a caretaker for his ill parents, which contradicts his allegations of disabling limitations related

to his neck and hands, headaches, and fatigue; and (3) Plaintiff failed to undergo a nerve study

despite complaining of nerve pain. AR 873.

Plaintiff contends that the ALJ failed to provide clear and convincing reasons to discount

his allegations, as required in the Ninth Circuit. *See Burrell v. Colvin*, 775 F.3d 1133, 1136-37

(9th Cir. 2014). Plaintiff provides only a limited challenge to the ALJ's findings, however,

noting that the activities mentioned by the ALJ were not necessarily inconsistent with the

medical evidence. Dkt. 22 at 12. Even if Plaintiff's challenge is meritorious, he has failed to

identify any error in the ALJ's primary reasons to discount his allegations: because the objective

1    evidence failed to corroborate his allegations, the treatment record indicated that Plaintiff's

2    conditions improved with surgery, and Plaintiff failed to seek treatment for his nerve complaints.

3    *See* AR 873.  Because any error related to the ALJ's assessment of Plaintiff's activities would be

4    at most harmless in light of the ALJ's other unchallenged reasons, the Court declines to disturb

5    the ALJ's assessment of Plaintiff's allegations.  *See Carmickle v. Comm'r of Social Sec. Admin.*,

6    533 F.3d 1155, 1162-63 (9th Cir. 2008).

7            **B.**        **The ALJ Erred in Assessing Medical Opinion Evidence**

8            Plaintiff challenges the ALJ's assessment of medical opinions that were addressed in the

9    prior remand order: opinions written by State agency medical consultant Howard Platter, M.D.,

10   and treating physician Wilbert James, M.D.  Plaintiff also argues the ALJ erred in failing to

11   explicitly address the opinion of reviewing psychologist Michael Jenkins-Guarnieri, Ph.D.  The

12   Court will consider each disputed opinion in turn.

13             *1.*     *Legal Standards*[4]

14            Where not contradicted by another doctor, a treating or examining doctor's opinion may

15   be rejected only for "'clear and convincing'" reasons.  *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir.

16   1996) (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)).  Where contradicted, a

17   treating or examining doctor's opinion may not be rejected without "'specific and legitimate

18   reasons' supported by substantial evidence in the record for so doing."  *Id*. at 830-31 (quoting

19   *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).  The opinion of a non-examining source

20   may be discounted "by reference to specific evidence in the medical record."  *Sousa v. Callahan*,

21   143 F.3d 1240, 1244 (9th Cir. 1998).

22

23            [4] Because Plaintiff applied for disability before March 27, 2017, the regulations set forth in 20
C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

1

2.      *Dr. Platter*

2         In the remand order, the Appeals Council ordered the ALJ to reconsider Dr. Platter's

3   opinion because the prior ALJ decision purportedly credited the opinion and yet failed to account

4   for the limitations as to Plaintiff's ability to reach overhead bilaterally, reach at the shoulder level

5   or below with his right arm, or feel with his or left arm.  *See* AR 25-26, 182-84, 202-04, 1043.  In

6   the current ALJ decision, the ALJ explained that he resolved the discrepancy identified by the

7   Appeals Council by limiting Plaintiff to occasional overhead reaching (frequent reaching in all

8   other directions), and frequent handling and fingering with his left arm.  AR 878.  The ALJ also

9   affirmed the prior ALJ's finding that the limitations identified by Dr. Platter as to lifting (limiting

10  Plaintiff to lifting 10 pounds occasionally) and feeling (limiting Plaintiff to frequent feeling with

11  the left arm) were unexplained and also inconsistent with the objective evidence, namely evidence

12  of improvement post-surgery and normal sensation in most fingers.  AR 878 (referencing AR 25-

13  26, 182-84, 202-04 ).

14        Plaintiff argues that the ALJ erred in finding Dr. Platter's lifting restriction to be

15  unsupported by the record because his treating doctors opined that Plaintiff could lift even less.

16  Dkt. 22 at 10-11 (citing AR 483-84, 1491).  But the ALJ's decision refers to other evidence

17  suggesting that Plaintiff was not so limited in lifting or using his hands, namely evidence that his

18  motor strength was 4/5 and his reports of being able to use his hands and having his hand pain

19  relieved with surgery.  *See* AR 873-74 (referencing *inter alia* AR 548-49, 605-06, 801).  In light

20  of this evidence, Plaintiff has not shown that the ALJ was unreasonable in finding that Dr. Platter's

21  lifting restriction is inconsistent with the record.  This finding is supported by substantial evidence

22  and constitutes a valid reason to discount Dr. Platter's opinion.

23  //

1          3.      *Dr. James*

2          In the prior ALJ decision, the ALJ gave no weight to the 2014 and 2016 opinions of Dr.

3  James, finding that his 2016 opinion as to whether Plaintiff would ever work again touch on an

4  issue reserved to the Commissioner and that the opinion as a whole was not supported by Dr.

5  James's objective findings.  AR 874-75 (referencing AR 581-82).  The ALJ also noted that Dr.

6  James's 2014 opinions suggested that Plaintiff's cervical impairments caused not only exertional

7  and postural limitations, but also prevented Plaintiff from seeing, hearing, and communicating.

8  *See* AR 482-84, 487-89.  The ALJ found that this "lack of care" in completing the form opinions

9  undermined the value of the opinions, and that the opinions were also inconsistent with the

10 treatment notes showing that Plaintiff's surgery led to improvement of his symptoms.  AR 874-

11 75.

12         The Appeals Council ordered the ALJ to reconsider Dr. James's opinions on remand,

13 noting that Plaintiff continued to report some deficits after surgery and the treatment record

14 contained some abnormal findings.  AR 1042-46.  In the current decision, the ALJ noted that the

15 timing of Dr. James's 2014 opinions (shortly before and after Plaintiff's cervical spine surgery)

16 rendered the opinions less probative as to Plaintiff's longitudinal functioning post-surgery because

17 the surgery led to significant improvement in Plaintiff's conditions after he fully recovered.  AR

18 877.  The ALJ found that Dr. James's 2016 opinion is also "not useful" because it specifically

19 addresses whether Plaintiff meets a listing, but does not point to findings supporting specific

20 functional limitations and instead broadly addresses whether Plaintiff can work, which is an issue

21 reserved to the Commissioner.  AR 878.

22         Plaintiff argues that the ALJ erred in discounting Dr. James's opinions because, as the

23 Appeals Council's order indicates, the record does contain findings that would support the

ORDER REVERSING THE COMMISSIONER'S
DECISION - 7

1   limitations indicated by Dr. James.  Indeed, the Appeals Council found error in the ALJ's finding

2   that the records demonstrating improvement post-surgery were inconsistent with Dr. James's

3   opinions, citing specific evidence referencing continuing limitations post-surgery.  *See* AR 1043.

4   But the ALJ again found Dr. James's opinions to be inconsistent with the records showing

5   improvement, without addressing the Appeals Council's concern that the record contains other

6   evidence supporting Dr. James's opinions.  AR 877-78.  Thus, it appears that the ALJ failed to

7   fully comply with the Appeals Council's remand order and instead reiterated a line of reasoning

8   previously found erroneous.

9        Accordingly, because the ALJ failed to correct an error identified by the Appeals Council,

10  the Court remands this case for further reconsideration of Dr. James's 2014 opinions in light of

11  the entire record, not only the evidence that tends to contradict Dr. James's opinions.  The Appeals

12  Council previously indicated that the record contains evidence that supports Dr. James's opinions,

13  and that the ALJ erred in failing to address that evidence: the Court cannot get around that finding,

14  as invited to by the Commissioner, by again focusing only on the evidence that is consistent with

15  the ALJ's assessment.  *See* Dkt. 23 at 8-9.

16       The Court finds, however, that because the ALJ provided different, valid reasons to

17  discount Dr. James's 2016 opinion, namely the lack of specific functional limitations and the focus

18  on issues reserved to the Commissioner, Plaintiff has not shown any reversible error with respect

19  to the 2016 opinion.  *See Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("Here, the ALJ found

20  that Dr. Zipperman's descriptions of Ford's ability to perform in the workplace as 'limited' or

21  'fair' were not useful because they failed to specify Ford's functional limits. Therefore, the ALJ

22  could reasonably conclude these characterizations were inadequate for determining RFC."); 20

23  C.F.R. §§ 404.1527(d)(1), 416.927(d)(1) ("A statement by a medical source that you are 'disabled'

1   or 'unable to work' does not mean that we will determine that you are disabled."). On remand,

2   the ALJ must reconsider Dr. James's 2014 opinions once again.[5]

3              4.      *Dr. Jenkins-Guarnieri*

4          The ALJ stated that no new medical opinions had been submitted since the 2017 ALJ

5   decision, which is not accurate: the record contains an opinion rendered by Dr. Jenkins-Guarnieri

6   in 2019. *See* AR 877, 1542-43, 1561-63. The ALJ did not address this opinion, which is error.

7   *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) ("The ALJ must consider all

8   medical opinion evidence."). Because this case must be remanded for further reconsideration of

9   Dr. James's opinions, the ALJ will have an opportunity to address Dr. Jenkins-Guarnieri's

10  opinion in the first instance on remand.

11                              <u>CONCLUSION</u>

12         For the reasons set forth above, the Commissioner's final decision is **REVERSED** and

13  this case is **REMANDED** for further administrative proceedings under sentence four of 42

14  U.S.C. § 405(g). On remand, the ALJ should reconsider Dr. James's 2014 opinions in light of the

15  entire record and consider Dr. Jenkins-Guarnieri's opinion, and reconsider any other parts of the

16  decision as necessary.

17         Dated this 31st day of August, 2021.

18                                          _S. Kate Vaughan_____

19                                          S. KATE VAUGHAN
                                            United States Magistrate Judge
20

21  [5] Although Plaintiff requests, in the alternative, a remand for a finding of disability (Dkt. 22 at 1-2), Plaintiff
    makes no attempt to show that this extraordinary remedy would be appropriate here. *See Leon v. Berryhill*,
22  880 F.3d 1044, 1045 (9th Cir. 2017) ("An automatic award of benefits in a disability benefits case is a rare
    and prophylactic exception to the well-established ordinary remand rule."). Thus, the Court orders that this
23  case be remanded for further administrative proceedings.
           Because the case must be remanded, the Court finds that the constitutional argument raised for the
    first time on reply is moot and need not be addressed herein. *See* Dkt. 30 at 1-5.

ORDER REVERSING THE COMMISSIONER'S
DECISION - 9